STOKER, Judge.
Defendant was charged by Bill of Information with three counts of distribution of cocaine, in violation of LSA-R.S. 40:967(A). Defendant was convicted on all three counts by a jury of twelve and sentenced to five years at hard labor and a $5,000 fine on each count, counts 1 and 2 to run consecutively and counts 2 and 3 to run concurrently, for a total of ten years.
Defendant appeals his conviction and sentence, assigning as errors the following:
1. The verdict was not supported by the law and the evidence.
2. The sentence imposed was excessive.
ASSIGNMENT NO. 1
Defendant was arrested under a warrant issued in the name of Billy Ray Prud-homme. Upon his denying being that person, defendant was accused of using an alias. The Bill of Information charging defendant was issued as to Billy Ray Prud-homme, aka Ray Lynn Prudhomme. On appeal, defendant contends there was insufficient evidence to prove defendant was the person who distributed cocaine on the dates alleged in the Bill of Information.
At trial the State produced four eyewitnesses, an undercover agent and three surveillance detectives, who identified defendant as the cocaine distributor and testified as to the three transactions conducted with defendant. According to the officers, a confidential informant contacted the Cal-casieu Parish Sheriff’s Department and told them that he could arrange a drug transaction between the defendant and an undercover officer. Deputy Robert Stol-steimer was issued “buy money,” and Stol-steimer went to the meeting on August 8, 1986. Deputies Wayne McGuire and Robert McGarity were conducting surveillance of this transaction. Stolsteimer met with the confidential informant and the defendant, who introduced himself as Billy Ray, the three drove to the corner of Enterprise and Church Street, the defendant took the buy money, left Stolsteimer, and returned a short time later with the suspected cocaine. Deputy Stolsteimer took possession of the suspected drugs, and eventually the substance was tested and found to be cocaine.
The confidential informant called back and arranged two additional drug transactions between the defendant and Stolsteimer, on August 15, 1986 and September 9, 1986. Both transactions occurred in the same manner as the August 8, 1986 transaction, with Stolsteimer being issued money, meeting the confidential informant and the defendant, and the defendant leaving with the buy money and returning with the drugs. Deputy Richard Folds assisted in surveillance of the August 15 transaction. The drugs purchased in these transactions also tested positive as being cocaine.
In determining whether sufficient evidence exists to support a conviction, Louisiana courts have adopted the standard set forth in Jackson v. Virginia, 443 U.S. *441 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Jackson, the issue on review is whether any rational factfinder viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense proven beyond a reasonable doubt. We find that the State presented more than adequate evidence from which a rational factfinder could conclude that the defendant and “Billy Ray” are the same person and that the defendant committed the three distribution of cocaine offenses, beyond a reasonable doubt.
ASSIGNMENT NO. 2
Defendant contends the trial court erred by awarding him excessive sentences. Under LSA-R.S. 40:967(B)(1), the minimum possible sentence for each violation of LSA-R.S. 40:967(A) is five years at hard labor and the maximum possible sentence is 30 years at hard labor and a $15,000 fine. Defendant’s sentences, five years at hard labor and a $5,000 fine for each count, is at the low end of the sentencing scale and reflects the mitigating factors present in the case. The possibility of probation and the mitigating factors were considered at the sentencing hearing. The fact that defendant did not receive probated or suspended sentences, although eligible to, does not imply excessive sentences. Therefore, we find defendant’s sentences are not unconstitutionally excessive or grossly disproportionate to the severity of the offenses.
DECREE
Accordingly, for the reasons assigned, the convictions and sentences are affirmed.
AFFIRMED.